UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MODU SARR,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No.:  3:26-cv-2206-CAB-JLB

**ORDER DENYING A WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Modu Sarr's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]   The Court finds Petitioner's motion suitable for determination on the papers.  *See* CivLR 7.1(d)(1).  For the following reasons, the Petition is **DENIED**.

**I.      BACKGROUND**

Petitioner is a citizen and national of Gambia.  [Petition at 3.]  He came to the United States in 2010 after marrying an American woman and receiving a green card.  [*Id.*]  They eventually divorced and his green card expired.  [*Id.*]  Petitioner was ordered removed in absentia on August 13, 2019; he alleges he never received the notice to appear.  [*Id.*]  On November 21, 2025, Immigration and Customs Enforcement ("ICE") detained Petitioner

1

following Petitioner's arrest for driving under the influence[1] in Salt Lake City, Utah. [Doc. No. 6 at 2.] Petitioner then moved to re-open his 2019 removal order; an immigration judge ("IJ") denied that motion on January 16, 2026. [*Id.*] Petitioner is therefore subject to a final order of removal.

On June 2, 2026, Respondents reported that Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations had obtained a travel document for Petitioner's removal to Gambia. [Doc. No. 8 at 1.] ERO anticipates scheduling a removal flight later this month. [*Id.*]

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

### A.    Jurisdiction

Respondents argue that the Court lacks jurisdiction over Petitioner's claims under 8 U.S.C. § 1252(g). [Doc. No. 6 at 2–3.] The Supreme Court's holding in *Zadvydas* squarely contradicts this argument. There, the Supreme Court rejected the application of several subsections of § 1252 to limit judicial review of indefinite post-removal-period

---

[1] The Court is troubled by the representation that Petitioner merely "got a speeding ticket." [Doc. No. 1 at 3.]

detentions under § 1231(a)(6) and held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  This Court is thus satisfied of its jurisdiction and proceeds to the merits.

### B.  Petitioner's Detention

Petitioner asserts that his detention is unlawful under the Supreme Court's decision in *Zadvydas* and 8 U.S.C. § 1231.  [Petition at 7–11.]  Respondents argue that (1) ICE has the authority to detain Petitioner to effectuate his order of removal; (2) Petitioner's case is premature as the six month presumptively reasonable removal window has not passed; and (3) Petitioner cannot show that there is not a significant likelihood of removal in the reasonably foreseeable future as required under *Zadvydas*.  [Doc. No. 6 at 3–6; Doc. No. 8.]

A petitioner has the initial burden to show that he has experienced post-removal order detention for more than *Zadvydas*' six-month presumptively reasonable period of detention.  *See Zadvydas*, 533 U.S. at 701.  Here, Petitioner's order of removal became final on August 13, 2019.  *See* 8 C.F.R. § 1241.1(e) ("If an immigration judge orders an alien removed in the alien's absence, [the order shall become final] immediately upon entry of such order[.]").  Petitioner was detained on November 21, 2025 and so now has been detained six months.

The question, then, is whether Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and if so, whether "the Government [has] respond[ed] with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  Given Respondents' representation that a travel document has been procured for Petitioner and a removal flight will be scheduled for him this month, the Court finds that Petitioner has not shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

///

///

3:26-cv-2206-CAB-JLB

### C.    Third Country Removal

The Court **DENIES** Petitioner's request to enjoin Respondents from removing Petitioner to a country other than Gambia ("third country") without certain notice requirements and other protections.  [Petition at 12–16.]  Respondents attest that ICE is not seeking to remove Petitioner to a third country.  [Doc. No. 6-1 at 2.]  Indeed, they plan to remove him this month to his home country of Gambia.  Nor is there any evidence that if this changes, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country.  *See, e.g., Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process.").  The current record thus does not support injunctive relief related to Petitioner's potential future removal to an unidentified third country.

## IV.    CONCLUSION

The Court **DENIES** Petitioner's request for a writ of habeas corpus.  The Court therefore **VACATES** the prior Order preventing Respondents from transferring Petitioner outside this District.  [Doc. No. 2.]

The Court further **ORDERS** that Respondents shall file a status report within two business days of Petitioner's removal.  If Petitioner has not been removed by **July 6, 2026**, Respondents shall file a status report explaining the reasons for delay.

It is **SO ORDERED**.

Dated: June 5, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-2206-CAB-JLB